UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian Thomas Hoyland,<br><br>Plaintiff,<br><br>v.<br><br>Shawn McMenomy, Henry Cho, Alex Eckstein, and Ryan Coughlin, and the City of Rosemount,<br><br>Defendants. | Case No. 14-cv-2977 (SRN/JSM)<br><br>MEMORANDUM OPINION AND ORDER |

Frederick J. Goetz, Goetz & Eckland PA, 615 1st Ave. NE, Ste. 425, Minneapolis, MN 55413, for Plaintiff.

Brian P. Taylor, Jason M. Hiveley, Jon K. Iverson, Iverson Reuvers Condon, 9321 Ensign Ave. S, Bloomington, MN 55438, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants' Motion to Exclude an Expert ("Motion") [Doc. No. 26]. A hearing on the Motion was held December 11, 2015 at which time the Court denied the Motion from the bench. (See Court Minutes dated 12/11/2015 [Doc. No. 42].) This Order memorializes the Court's prior ruling.

I.   BACKGROUND

This suit stems from the arrest of Plaintiff Brian Thomas Hoyland ("Hoyland") by Rosemount police officers Shawn McMenomy, Henry Cho, Alex Eckstein, and Ryan Coughlin (collectively, "Defendants") on May 8, 2013. In July of 2014, Hoyland brought claims under 42 U.S.C. § 1983 for violations of his First and Fourth Amendment rights

related to his May 2013 arrest.[1]  (See Compl. [Doc. No. 1].)  Defendants now look to exclude Hoyland's treating physician, Dr. Michael J. Ferrarese ("Dr. Ferrarese"), from testifying at trial.  (See Motion.)

Dr. Ferrarese is a psychologist who has treated Hoyland since July of 2013.  (See Affidavit of Frederick J. Goetz ("Goetz Aff.") [Doc. No. 35], Ex. 1 ("Hoyland's Rule 26(a)(1) Disclosures") at 7.[2])  Hoyland first disclosed Dr. Ferrarese to Defendants in his Rule 26(a)(1) disclosures, served on October 13, 2014.  (See Hoyland's Rule 26(a)(1) Disclosures at 3.)  Attached to that disclosure was a one page report from Dr. Ferrarese to Hoyland's criminal defense attorney.  (See id. at 7.)  That report described Dr. Ferrarese's treatment of Hoyland between July of 2013 and March of 2014, the focus of which was "the anxiety, depression, anger, and general resultant stress feelings [Hoyland] has experienced due to [Hoyland's May 2013 arrest]."  (Id.)  Dr. Ferrarese also stated that Hoyland's arrest "was clearly a trigger for him to re-experience all the symptoms connected with his Posttraumatic Stress Disorder (PTSD) which resulted from his multiple military deployments."  (Id.)  The report went on to describe Hoyland's symptoms and Dr. Ferrarese's assessment of how successful treatment had been, and would be, in addressing those symptoms.  (Id.)

Hoyland has since provided Defendants, through responses to Defendants' requests for production and supplementation to those responses, with Dr. Ferrarese's

---

[1] Hoyland also brought other claims, but those claims have since been dismissed.

[2] The Court cites to the ECF page numbers of this exhibit since it consists of multiple, individually paginated documents.

treatment records from July of 2013 through October of 2015.  (See Goetz Aff., Ex. 2 at 6 [Doc. No. 35-2], Ex. 4 at 3 [Doc. No. 35-4].³)  He also provided Defendants with a summary of Dr. Ferrarese's qualifications, (see Goetz Aff., Ex. 3 [Doc. No. 35-3]), and listed Dr. Ferrarese as an expert on his expert disclosure, (see Goetz Aff., Ex. 5 [Doc. No. 35-5]).  Defendants retained their own expert, Dr. Thomas Gratzer ("Dr. Gratzer"), who challenges Dr. Ferrarese's opinions about the cause, extent, and treatment of Hoyland's injuries.  (See Second Affidavit of Brian P. Taylor ("Taylor Aff.") [Doc. No. 28], Ex. 4 [Doc. No. 28-4].)

Defendants now argue that Dr. Ferrarese should be excluded because his expert opinions were not properly disclosed under the Federal Rules of Civil Procedure and do not meet the standards for reliability set by the the Federal Rules of Evidence.  (See Defs.' Mem. of Law in Supp. of Defs.' Mot. in Limine ("Defs. Mem. in Supp.") [Doc. No. 29]; Defs.' Reply Mem. of Law in Supp. ("Defs.' Reply") [Doc. No. 38].)  Hoyland opposes Defendants' Motion, argues that Dr. Ferrarese was properly disclosed pursuant to the rules for treating physicians, and asserts that Defendants' complaints about Dr. Ferrarese's testimony go to the weight and credibility of that testimony, not its reliability.  (See Pl.'s Mem. of Law in Opp. to Defs.' Mot. in Limine ("Pl.'s Mem. in Opp.") [Doc. No. 34].)

---

³ The Court references the ECF page numbers assigned to each exhibit.

## II.   DISCUSSION

### A. The Disclosure of Dr. Ferrarese and His Opinions

Defendants argue that Dr. Ferrarese was not properly disclosed because Hoyland did not provide Defendants with a written expert report outlining all of Dr. Ferrarese's opinions and his bases for those opinions, the facts and data considered by Dr. Ferrarese in forming his opinions, and a list of Dr. Ferrarese's publications and prior cases in which he had testified. (See Defs.' Mem. in Supp. at 4–6; Defs.' Reply at 2–3.) Hoyland claims that because Dr. Ferrarese is his treating physician and was not retained as an expert, under the rules, he was not required to submit the expert written report sought by the Defendants. (See Pl.'s Mem. in Opp. at 5–8.)

The Federal Rules of Civil Procedure require that parties make certain disclosures to one another regarding their experts. See Fed. R. Civ. P. 26(a)(2). These expert disclosures are broken into two categories relevant to the present matter: experts who must provide a written report containing certain information, see Fed. R. Civ. P. 26(a)(2)(B), and experts who are subject to less demanding disclosure requirements and need not produce these written reports, see Fed. R. Civ. P. 26(a)(2)(C). Experts who must disclose written reports are those "retained or specially employed to provide expert testimony in the case . . . ." Fed. R. Civ. P. 26(a)(2)(B). Experts not so retained are subject to the less demanding disclosure requirements of Rule 26(a)(2)(C). The Advisory Committee Notes to the 1993 Amendments to Rule 26(a)(2) state, "A treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." See also Waste Connections, Inc. v. Appleton Elec., LLC, No. 8:12CV436, 2014

WL 1794883, at *5–6 (D. Neb. May 6, 2014) (treating physicians not retained solely for the purpose of testifying at trial were not required to disclose written reports under Rule 26(a)(2)(B)); Crabbs v. Wal-Mart Stores, Inc., No. 4:09-CV-00519-RAW, 2011 WL 499141, at *1 (S.D. Iowa Feb. 4, 2011) (non-retained treating physicians are subject to the disclosure requirements of Rule 26(a)(2)(C), not Rule 26(a)(2)(B)).

Hoyland began seeing Dr. Ferrarese nearly a year before he brought his § 1983 claims against the Defendants. There is no suggestion that Dr. Ferrarese is an expert "retained or specially employed to provide expert testimony" in this case and thus no indication he is subject to the disclosure requirements of Rule 26(a)(2)(B). Moreover, it appears that Hoyland complied with the disclosure requirements of Rule 26(a)(2)(C) and Defendants do not argue otherwise.

The fact that Dr. Ferrarese will offer an opinion about the cause of Hoyland's mental and emotional injuries does not mean the disclosure requirements of Rule 26(a)(2)(B) apply. Defendants cite to Brooks v. Union Pac. R. Co., 620 F.3d 896, 899–900 (8th Cir. 2010) and Kruszka v. Novartis Pharm. Corp., 19 F. Supp. 3d 875, 889 (D. Minn. 2014) as support for their position that treating physicians who opine on causation *are* subject to Rule 26(a)(2)(B)'s disclosure requirements. (See Defs.' Reply at 2–3.) However, neither case supports Defendants' position.

In Brooks, the Eighth Circuit upheld the district court's decision to exclude the causation opinion of a plaintiff's treating physician where the plaintiff failed to abide by *any* of the disclosure requirements under a prior version of Rule 26(a)(2). 620 F.3d at 899–900. Here, Hoyland properly disclosed Dr. Ferrarese pursuant to Rule 26(a)(2)(C),

5

including Dr. Ferrarese's causation opinion. Moreover, Rule 26(a)(2) was amended after Brooks and the Advisory Committee Notes to the 2010 Amendments make clear that treating physicians are subject to the disclosure requirements of Rule 26(a)(2)(C), not Rule 26(a)(2)(B). The analysis in Waste Connections highlighted this change. There, the defendants sought to exclude the plaintiff's treating physicians in part because those physicians would offer an opinion about the cause of the plaintiff's injuries, but had not issued written reports pursuant to Rule 26(a)(2)(B). See Waste Connections, 2014 WL 1794883 at *5. The court rejected this argument and concluded that the plaintiff's physicians could "testify to the cause of [the plaintiff's] injuries as found in their treatment notes." Id. at *6.

Furthermore, the fact that a treating physician's causation opinion "is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for purposes of litigation," Brooks, 620 F.3d at 900 (quoting Turner v. Iowa Fire Equip. Co., 229 F.3d 1202, 1207 (8th Cir. 2000); Kruszka, 19 F. Supp. 3d at 889 (also quoting Turner), has no bearing on which disclosure requirements must be met. The reliability of a causation opinion is a distinct and separate consideration from how that opinion must be disclosed.

Dr. Ferrarese developed his opinion about the cause of Hoyland's injuries while treating him and thus may testify without first satisfying the disclosure requirements of Rule 26(a)(2)(B). See Lanham v. Sandberg Trucking, Inc., No. 4:06CV1179 HEA, 2010 WL 481046, at *2–3 (E.D. Mo. Feb. 4, 2010); Navrude v. U.S. (USPS), No. C01-4039-PAZ, 2003 WL 356091, at *7–8 (N.D. Iowa Feb. 11, 2003). Hoyland disclosed Dr.

Ferrarese and his causation opinion as required by Rule 26(a)(2)(C). The fact that Defendants retained their own medical expert who issued a report rebutting Dr. Ferrarese's opinions is strong evidence that Rule 26(a)(2)'s notice and disclosures requirements were met. See Waste Connections, 2014 WL 1794883, at *6 ("[T]he defendants seemingly had proper notice of [the plaintiff's] treating physicians' opinions about causation because the defendants retained an expert to counter any causation opinions.").

### B. The Reliability of Dr. Ferrarese's Opinions

Defendants contend that Dr. Ferrarese's testimony is inadmissible because it cannot satisfy the reliability requirements of Federal Rule of Evidence 702. (See Defs.' Mem. in Supp. at 6–9; Defs.' Reply at 3–5.) Specifically, they argue that Dr. Ferrarese's opinions are unreliable because he failed to consider some of Hoyland's prior medical records, did not rule out other potential causes for Hoyland's injuries (i.e., did not provide a differential diagnosis), and did not offer any "standards and explanations" that would contextualize his opinions. (See Defs.' Mem. in Supp. at 8–9; Defs.' Reply at 3–4.) Hoyland contends that Dr. Ferrarese's opinions meet the standard for admissibility under Rule 702 and argues that Defendants' criticisms go to the weight and credibility of those opinions, not their admissibility. (See Pl.'s Mem. in Opp. at 8–11.)

Qualified experts may testify in the form of an opinion so long as certain criteria are met. See Fed. R. Evid. 702. Those criteria are:

> First, evidence based on scientific, technical, or specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. Second, the proposed witness must be qualified. "Third, the proposed

7

>   evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires."

Thomas v. Barze, 57 F. Supp. 3d 1040, 1058 (D. Minn. 2014) (citing and quoting Lauzon v. Senco Products, Inc., 270 F.3d 681, 686 (8th Cir. 2001)).  Courts occupy a "gatekeeping" role to ensure testimony admitted under Rule 702 satisfies these requirements.  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596–97 (1993).  However, as the gatekeeper, a court's focus is purely on the principles and methodology employed by an expert, not the conclusions he/she reaches.  Daubert, 509 U.S. at 595.  "Doubts regarding the usefulness of an expert's testimony should be resolved in favor of admissibility, and gaps in an expert witness's qualifications or knowledge generally go to the weight of his testimony and not its admissibility."  Ecolab USA Inc. v. Diversey, Inc., No. 12-cv-1984 (SRN/FLN), 2015 WL 2345264, at *5 (D. Minn. May 14, 2015) (citations omitted).

>   The factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.  Questions of an expert's credibility and the weight accorded to his testimony are ultimately for the trier of fact to determine.  Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded.

Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc., 125 F.3d 1176, 1183 (8th Cir. 1997) (quotations and citations omitted).

The "flaws" Defendants perceive in Dr. Ferrarese's opinions go to the weight and credibility of those opinions, not their fundamental reliability.  Dr. Ferrarese is a qualified psychologist who has treated Hoyland for years.  His opinions about Hoyland's injuries

8

and their cause will assist a jury in deciding issues such as damages. Defendants will have the opportunity to highlight what they believe to be weaknesses in Dr. Ferrarese's opinions through cross-examination.[4]

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Exclude an Expert [Doc. No. 26] is **DENIED**.

Dated: May 5, 2016                           s/ Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge

---

[4] Defendants cite to Kruszka, for the proposition that the failure to perform a differential diagnosis means an expert's causation opinion is unreliable and thus inadmissible. (See Defs.' Reply at 3–4.) Defendants overstate the holding in Kruszka. There, the plaintiff sought to introduce causation testimony from a physician who had treated the plaintiff for some, but not all, of the injuries and conditions at issue. Kruszka, 19 F. Supp. 3d at 889. The physician did not have specialized training or experience with some of the plaintiff's injuries. Id. The court excluded the physician's testimony on the injuries and conditions with which he had no connection or experience. Id. at 889–90. Although the court noted that the physician had failed to perform a differential diagnosis, this was only one of the reasons why it ultimately concluded the physician's testimony was unreliable and inadmissible. See id. at 889–90. However, the court explicitly noted that its ruling "does not preclude [the physician] from testifying to opinions formed during the course of and relating to [the plaintiff's] treatment and diagnoses." Id. at 890. Dr. Ferrarese will opine as Hoyland's treating physician about injuries being treated by him, differentiating this case from Kruszka.